UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KARL CHRISTOPHER WRIGHT, III,

                Plaintiff,

v.                                                                   Case No. 19-cv-352-pp

MILWAUKEE COUNTY CIRCUIT COURT,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT (DKT. NO. 1)**

The plaintiff, who previously was at the Mendota Mental Health Facility,[1] is representing himself in this lawsuit under 42 U.S.C. §1983, in which he alleges that his constitutional rights were violated. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

---

[1] The plaintiff filed this federal lawsuit on March 8, 2019. Dkt. No. 1. The court received the initial partial filing fee on November 25, 2019 and should have screened the complaint long before now. A review of the publicly-available docket shows that Judge Yamahiro ordered the defendant committed to the Department of Health Services for eighteen months, starting October 30, 2019, with 410 days' credit. State v. Wright, 2018CF005297 (Milwaukee County Circuit Court) (https://wcca.wicourts.gov). Given this, it is likely that the defendant was released from DHS in mid-March, 2020.

1

**I. Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because even though the plaintiff is currently out of custody, he was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time. Id.

On November 13, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $3.26. Dkt. No. 5. The court received that fee on November 25, 2019. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II. Screening the Complaint**

    A. <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

3

B.     The Plaintiff's Allegations

At the time the plaintiff filed his complaint, he had been charged in two criminal cases in Milwaukee County: Case No. 18CF4277 and 18CF5297. Dkt. No. 1 at 2. In a prior case, he had been found guilty after he pleaded not guilty by reason of mental illness or defect (otherwise known as an NGI plea). Id. Despite his NGI pleas, the court "did find [him] in [his] right state of mind and competent to stand trial in 2017." Id. (The plaintiff doesn't include the case number, but the court believes he is referring to Milwaukee County Case Nos. 15CF5394 and 15CF5539, in which the court rejected the plaintiff's NGI pleas.)

The plaintiff says that Milwaukee County Circuit Court Judge Glenn H. Yamahiro ordered a competency hearing and to take medications. Id. The plaintiff says that if he refused he would be forced to take medication through injection. Id. The plaintiff says that the evaluation would take place while he was at Mendota. Id. at 3. The plaintiff asserts that "now" he was attacked by guards at Mendota because he refused to take medications that he hadn't been on before, like Risperdal and Abilify "by drinking it or I will be forced." Id. He says he is being evaluated for competency "and being denied both trial and speedy trial." Id. He says that he will be held against his will "until the court order is off." Id. The plaintiff says that he is having depression and post-traumatic stress disorder symptoms. Id.

The plaintiff seeks monetary damages and "to continue [his] obligated court hearings to finalize [his] current case and incarceration which is stop for a [competency] order." Id. at 4.

4

C.     <u>Analysis</u>

The plaintiff has named only one defendant—the Milwaukee County Circuit Court. Section 1983, which allows a person to sue for violation of his constitutional rights, prohibits any "person" from violating the civil rights of another while acting under color of state law. The Milwaukee County Circuit Court is not a person. Fed. R. Civ. P. 17(b)(3) provides that an individual or entity's capacity to be sued is determined by state law. Wisconsin law creates and authorizes circuit courts, including the Milwaukee County Circuit Court, which means that the circuit court is an arm of the state. <u>See</u> Wis. Stat. Ch. 753. A state is not a "person" under 42 U.S.C. §1983. <u>See</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 64 (1989); <u>Kelly v. Mun. Courts of Marion Cty., Ind.</u>, 97 F.3d 902, 907-08 (7th Cir. 1996); <u>Kaimowitz v. Bd. of Trs. of Univ. of Ill.</u>, 951 F.2d 765, 767 (7th Cir. 1991).

The only person mentioned by name in the body of the complaint is Judge Yamahiro. The plaintiff alleges that Judge Yamahiro ordered that he undergo a competency evaluation and take medications. Judge Yamahiro issued those orders in his judicial capacity. Even if the plaintiff had named Judge Yamahiro as a defendant, "judges are absolutely immune from awards of damages for acts taken in a judicial capacity, whether or not the judges erred in conducting the litigation." <u>Myrick v. Greenwood</u>, 856 F.3d 487, 488 (7th Cir. 2017) (citations omitted).

The plaintiff says that he was attacked by guards at Mendota because he refused to take medications. That sounds like an excessive force claim. To

5

prove that he was subjected to excessive force in violation of his Fourteenth Amendment rights, a pretrial detainee must show that "the force purposefully or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). In determining whether force was objectively unreasonable, courts must consider the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, any efforts the state actor made to limit the amount of force, the severity of the security problem, the threat the officer reasonably perceived and whether the plaintiff was actively resisting. Id. at 397.

The plaintiff has not identified any of the officers who attacked him. He has not told the court when the attack (or attacks) occurred. He has not described the force the officers used against him, or explained whether he was injured and if so, what his injuries were.

The plaintiff appears to be complaining about being sent to Mendota for a competency evaluation and being forced to take medication. He also complains about not being given a speedy trial. But prisoners cannot challenge the fact or duration of their confinement under §1983. Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). This is true whether a plaintiff seeks an injunction (*e.g.*, an order for release), Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), or seeks monetary damages, Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). If a prisoner believes that he is being confined illegally, he must file a petition for a writ of *habeas corpus*, not a lawsuit under §1983.

6

The complaint as written does not state a claim upon which the court can grant relief. It names only one defendant, one who cannot be sued. It does not explain what individuals the plaintiff wishes to sue or what he thinks they did to violate his constitutional rights. The court will give the plaintiff an opportunity to amend his complaint to try to state a claim.

The court is including with this order a blank complaint form. The plaintiff must write the word "Amended" at the top of the first page in front of the word "Complaint." He must put the case number—19-cv-352—in the space provided. He must list every individual defendant whom he wants to sue. He must use the lines on pages two and three to explain what the defendants did to violate his rights. If there is not enough space on those pages, the plaintiff may use up to three additional sheets of paper, double-spaced so that the court can read them. In writing his statement of claim, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court back to his original complaint, rather than repeating in the amended complaint any of the facts from the original complaint that are necessary to his claims.

7

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by the end of the day on **December 4, 2020**. If the court does not receive an amended complaint by the end of the day on December 4, 2020, the court will dismiss this case based on the plaintiff's failure to state a claim and will issue the plaintiff a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the plaintiff must pay the **$346.74** filing fee balance as he is able over time.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss

the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

The court includes with this order a copy of the guide titled, "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated in Milwaukee, Wisconsin, this 29th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**